[663 NYS2d 10]

In the Matter of JOHN F. FELTON, an Attorney, Respondent.
DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST
JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 1997

**APPEARANCES OF COUNSEL**

*Sarah Jo Hamilton* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*John F. Felton,* respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent, John F. Felton, was admitted to the practice of law in the State of New York by the First Judicial Department on December 12, 1958. At all times relevant herein respondent

has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.11 accepting respondent's affidavit of resignation from the practice of law based upon his inability to successfully defend himself against a complaint of professional misconduct filed with the Committee. In his affidavit of resignation, respondent states that he is aware of a pending disciplinary investigation before the Committee in which he is alleged to have engaged in professional misconduct concerning his handling of escrow monies in connection with sales of property for two corporations, Monello Fashions and Monling Realty Corp.

He admits that prior to his 1994 closing of his law practice, he represented the owners of Monello Fashions in 1991 and 1993 and held escrow funds on their behalf. Respondent did not satisfy any claims from the escrow funds and in 1995 the owners were unable to locate respondent in order to claim the funds. Similarly, in representing the Monling corporation, respondent deposited escrow funds which he admittedly did not return in whole. Respondent acknowledges that he has not maintained any files on these matters and cannot account for the escrow funds he owes the owners of Monello and the shareholders of Monling. Respondent acknowledges that he cannot successfully defend himself on the merits against the charges predicated upon this misconduct.

In submitting his resignation, respondent notes that he closed his law office practice in 1994, has health problems and does not intend to further practice law. Respondent is unable to compensate his clients.

Respondent states that his resignation is freely and voluntarily rendered; he is not being subjected to coercion or duress; and he is fully aware of the implications of submitting his resignation.

Counsel for the Committee states that she is satisfied that the affidavit conforms to the requirements set forth in section 603.11. She points out that respondent's misconduct is very serious, especially in view of his inability to make restitution.

The affidavit of resignation submitted by respondent fully complies with the specifics of the foregoing rule and the Committee supports the respondent's request.

Accordingly, respondent's resignation is accepted and his name stricken from the roll of attorneys and counselors-at-law, effective immediately.

ROSENBERGER, J. P., WALLACH, MAZZARELLI, ANDRIAS and CO-LABELLA, JJ., concur.

Motion granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.